UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TIMOTHY J. HARDING,

    Petitioner,

v.                                                                  Case No. 5:17-cv-159-02PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER

Petitioner, a Florida prisoner, instituted this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a memorandum in support. (Docs. 1, 2 4). At the Court's direction, Respondents responded to the petition and filed relevant portions on the state court record. (Docs. 12, 13). Petitioner did not file a reply. The Court has reviewed the entire record. Because the Court may resolve the petition on the basis of the record, an evidentiary hearing is not warranted. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(a). Upon consideration, the Court concludes that the petition is due to be dismissed as untimely.

I.    **BACKGROUND**

On January 7, 2013, Petitioner entered a negotiated plea of *nolo contendere* to sexual battery on a person 12-18 years by a person in familial or custodial authority in exchange for a sentence of ten years incarceration followed by five years probation.

(Doc. 13-1 at 4-18).[1] Petitioner did not appeal. Less than a week later, Petitioner filed a pro se Rule 3.850 motion for postconviction relief in state court claiming his counsel was ineffective. (Doc. 13-1 at 49-58). On February 7, 2013, the trial court dismissed the motion as legally insufficient, without prejudice to refile within 30 days. (Doc. 13-1 at 60-61). Petitioner did not refile.

On January 14, 2014, Petitioner filed a second Rule 3.850 motion for postconviction relief. (Doc. 13-1 at 63-72). On January 23, 2014, the trial court summarily denied all relief. (Doc. 13-1 at 74-77). On February 7, 2014, Petitioner filed a motion for rehearing. (Doc. 13-1 at 79-83). On February 14, 2014, the trial court denied the motion for rehearing. (Doc. 13-1 at 85-86).

On February 26, 2014, Petitioner filed a Rule 3.800(a) motion to correct illegal sentence. (Doc. 13-1 at 198-211). On March 7, 2014, the trial court denied all relief. (Doc. 13-1 at 187-97). On March 17, 2014, Petitioner moved for rehearing. (Doc. 13-1 at 168-86). On March 25, 2014, the trial court granted the motion for rehearing and ordered the State to respond. (Doc. 13-1 at 165-67). On April 8, 2014, the State filed a response to the motion for rehearing. (Doc. 13-1 at 160-64). On April 22, 2014, the trial court denied Petitioner's motion to correct illegal sentence after rehearing. (Doc. 13-1 at 143-59). However, on April 21, 2014, pursuant to the mailbox rule, Petitioner filed a reply to the State's response. (Doc. 13-1 at 135-42). On May 5, 2014, Petitioner filed a second motion for rehearing. (Doc. 13-1 at 109-34). On May 20, 2014, the trial

---

[1] Citations to the state court record are to the page numbers assigned when it was filed in CM/ECF.

2

court denied Petitioner's second motion for rehearing. (Doc. 13-1 at 106-8). Petitioner appealed, and on January 27, 2015, the Fifth District Court of Appeal (Fifth DCA) *per curiam* affirmed. (Doc. 13-1 at 384), *see also Harding v. State*, 166 So. 3d 806 (Fla. 5th DCA 2015) (Table). Mandate issued on March 31, 2015. (Doc. 13-1 at 401).

On May 7, 2015, Petitioner filed a petition for writ of habeas corpus in the trial court. (Doc. 13-1 at 403-55). On May 18, 2015, the trial court dismissed the petition for lack of jurisdiction. (Doc. 13-1 at 457-59).

On July 1, 2015, Petitioner filed a petition for writ of habeas corpus in the state circuit court in the circuit in which he was incarcerated (Taylor County). (Doc. 13-1 at 468-526). The petition was transferred to the trial court and on October 7, 2015, the petition was denied. (Doc. 13-1 at 465-66, 528-30). Petitioner appealed, and on February 16, 2016, the Fifth DCA *per curiam* affirmed. (Doc. 13-2 at 23); *see also Harding v. State*, 187 So. 3d 1262 (Fla. 5th DCA 2016) (Table). Mandate issued on April 5, 2016. (Doc. 13-2 at 31).

On June 21, 2016, Petitioner filed a third Rule 3.850 motion for postconviction relief. (Doc. 13-2 at 33-54). On July 1, 2016, the trial court denied the motion as untimely filed. (Doc. 13-2 at 56-57). Petitioner appealed, and the Fifth DCA *per curiam* affirmed the denial. (Doc. 13-2 at 59); *see also Harding v. State*, 229 So. 3d 356 (Fla. 5th DCA 2016) (Table). Mandate issued on January 20, 2017. (Doc. 13-3 at 61).

Petitioner filed his petition for writ of habeas corpus in this Court on April 3, 2017. (Doc. 1). Respondents filed a response, arguing that the petition should be

dismissed with prejudice because it was not timely filed. (Doc. 12). Petitioner did not file a reply. Thus, the petition is ripe for review.

## II. DISCUSSION

### A. The Petition Is Untimely

Respondents argue that the petition is due to be dismissed because it is untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).[2]

The Court agrees that the petition was not timely filed. Petitioners' judgment and sentence became final on February 6, 2013, because he did not appeal within 30 days of his conviction. *See Woulard v. Sec'y, Dept. of Corr.*, 707 F. App'x 631, 635 (11th Cir. 2017); *see also* Fla. R. App. P. 9.140(b)(3); *Gust v. State*, 535 So. 2d 642, 643 (1st DCA 1988) (observing that a judgment becomes final when the 30-day period for filing a direct appeal expires). Petitioner's January 13, 2013, Rule 3.850 motion tolled the one-year statute of limitations until March 9, 2013, thirty days after the trial court dismissed the motion as legally insufficient.

The statute of limitations ran for 311 days until Petitioner filed his second Rule 3.850 motion for postconviction relief on January 14, 2014. The motion tolled the limitations period until March 16, 2014, thirty days after his motion for rehearing was denied. However, the statute of limitations continued to be tolled by Petitioner's Rule

---

[2] Section 2244 is a part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996. Because Petitioner filed his petition after that date, AEDPA and its statute of limitations apply.

4

3.800(a) motion to correct illegal sentence, filed on February 26, 2014, until the Fifth DCA issued its mandate on March 31, 2015.

The statute of limitations ran for 37 more days (348 total) until May 7, 2015, when Petitioner filed a petition for writ of habeas corpus in the trial court. The one-year time period was tolled until June 17, 2015, thirty days after the petition was dismissed for lack of jurisdiction.

The statute of limitations ran for 14 more days (362 total) until July 1, 2015, when Petitioner filed the petition for writ of habeas corpus in Taylor County. The one-year time period was tolled until April 5, 2016, when the Fifth DCA issued its mandate.

The statute of limitations then ran for 3 more days, until April 8, 2016, when it expired. Petitioner's third Rule 3.850 motion, filed on June 21, 2016, could not toll the statute of limitation because the statute of limitations had already expired at that point. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Thus, Petitioner's petition for writ of habeas corpus was not timely filed.

    B.    <u>Equitable Tolling is Not Warranted.</u>

Petitioner argues, however, that equitable tolling should apply, explaining:

> Petitioner did not seek direct appeal as he was instructed by trial counsel at sentencing that he could not seek relief from the negotiated plea. Petitioner, being unintelligible in the law and relying on trial counsel's professional advice, believed he had no remedies available to him for the constitutional claims herein. Petitioner did not learn otherwise until a chance conversation with an inmate legal assistant at Taylor Correctional Institution. As such, external forces rather than lack of due diligence account for the Petitioner's failure to file a timely petition in this matter. The one-year limitation can be equitably tolled because 28 U.S.C. §

5

> 2244(d) is a statute of limitations and not a jurisdictional bar. Therefore, equitable tolling is appropriate and Petitioner requests such tolling starting 07 January 2013 and ending 14 January 2014.

(Doc. 2 at 5).

A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation and citation omitted). The petitioner bears the burden of proving circumstances that justify the application of equitable tolling. *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) (citation omitted). A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Id.* (internal quotation and citation omitted). The allegations supporting equitable tolling must be specific and not conclusory. *Id.* (citation omitted). Because equitable tolling is an "extraordinary remedy," it is "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation and citation omitted).

On review, the Court concludes that Petitioner has not shown entitlement to equitable tolling. His cited ground of ignorance of the law does not qualify him for this extraordinary remedy. Neither pro se status, lack of inmate law clerk help, nor general lack of legal knowledge is an extraordinary circumstance justifying equitable tolling. *Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 883 (11th Cir. 2008) (citation omitted) (pro se status); *Gonzalez v. Sec'y, Fla. Dep't of Corr.*, No. 3:15-cv-1049-J-32JBT, 2018 WL 2100043, at *3 (M.D. Fla. May 7, 2018) (lack of access to inmate law clerks);

6

*Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) (citation omitted) (lack of legal education and related confusion or ignorance about the law). Likewise, Petitioner's claim that he did not know about the statute of limitations fails because "*pro* se litigants, like all others, are deemed to know of the one-year statute of limitations." *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) (citation omitted).

## III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner's petition for writ of habeas (Doc. 1) is untimely and, thus, dismisses the petition with prejudice. The Clerk is instructed to enter judgment accordingly, terminate any pending motions, and close the file.

In addition, a certificate of appealability and leave to appeal in forma pauperis are denied. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). "A [COA] may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (internal citation and quotation omitted), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation and citation omitted). Petitioner has not made the requisite

showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis at this time.

**DONE AND ORDERED** at Tampa, Florida, on April 25th, 2019.

WILLIAM F. JUNG
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, pro se